Dear Mr. Speed:
At issue in your opinion request of recent date is whether the Village of Montpelier may pay Deputy Steve Leggett's legal expenses resulting from a criminal matter in which Deputy Leggett tendered a plea of nolo contendere to one charge, while he was acquitted of the remaining three charges. These charges arose out of an altercation which occurred between Deputy Leggett and another individual which developed while Deputy Leggett was attempting to issue a speeding ticket.
There are two statutes which are applicable to your inquiry, quoted below. LSA-R.S. 42:1442 provides:
 § 1442. Law enforcement officers accused of crimes committed while acting within or in furtherance of their scope and course of employment
 A. When (1) a law enforcement officer, employed by the state or an agency thereof or by a political subdivision, as that term is defined in Article VI, Section 44 of the Constitution of Louisiana, has been subjected to an institution of prosection [prosecution] for an alleged criminal act committed when the law enforcement officer is acting in good faith in the performance or in furtherance of the course and scope of his employment as defined by law and the policies and procedures of the law enforcement agency employing him, and (2) he is acquitted of the charge, the prosecution has been dismissed by the district attorney, or the periods of time have expired in which he could be brought to trial and convicted, the office shall be reimbursed for reasonable attorney's fees incurred by him on account of the institution of prosecution. No reimbursement shall take place under the provisions of this Section until the suit is dismissed or finally adjudicated by a court of competent jurisdiction and the period for taking an appeal has expired. Reimbursement shall be from the governing authority by whom the officer was employed at the time of the alleged crime.
 B. In a case of dismissal of prosecution, the officer may agree with the employer prior to the dismissal to waive any or all of his rights under this Section if the prosecution is dismissed. If an officer enters into a waiver agreement, it shall not be used as evidence of anything except as evidence of itself in a proceeding by the officer against his employer on matters affected by the waiver.
 C. No law enforcement officer, unclassified or otherwise, shall lose any seniority, back pay, or other benefits within the authority of his employer to grant or withhold on account of institution of prosecution for a crime allegedly committed within the performance or in furtherance of the course and scope of his employment without an independent hearing or other established procedural step by the employer to meet fair due process standards.
 D. Nothing herein shall prohibit an employer from suspending an employee pending a final resolution of an instituted prosecution.
 E. Notwithstanding any other provisions herein, the payments authorized by this Section shall be made only if the law enforcement officer has not violated any other rights or privileges secured by the state or federal constitution. The rights of such law enforcement officer shall not be construed as greater than those of an ordinary citizen.
Further, LSA-R.S. 13:5108.3 provides:
 § 5108.3. Defense fees; payment upon acquittal, dismissal, or favorable judgment; special appropriation
 A. Notwithstanding any other provision of this Part, payment of any legal fees associated with the defense of any official, officer, or employee of this state or the Greater New Orleans Expressway Commission for any criminal action shall not be made except as provided in Subsection B.
 B. Payment of legal fees for defense of an official, officer, or employee shall not be made from public monies through the office of the treasurer, from general appropriations, or out of special funds, whether state, federal, or self-generated, unless:
 (1) The defendant in a criminal matter is acquitted or the proceedings are dismissed, and
 (2) Payment is authorized by a specific act of the legislature appropriating funds for such payment.
The language of LSA-R.S. 42:1442(A) requires that the law enforcement agency that employs the law enforcement officer reimburse the officer for legal expenses, if, as applicable in the instant matter, the officer is acquitted of the charge(s), and the employer determines that the officer was acting in good faith in the performance or in furtherance of the course and scope of his employment. It is our opinion that, if the foregoing criteria are met, the Village of Montpelier is obligated to pay that portion of the legal expenses reflected in the billing associated with the charges for which Deputy Leggett was acquitted.
It is, however, our further opinion that Deputy Leggett is not to be reimbursed for those legal expenses associated with his plea of nolo contendere, allowed under LSA-C.Cr.P. Art. 552, which still serves as a conviction, and he is rightfully denied reimbursement on this basis.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: August 2, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL